IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02218-BNB

ANDREW S. GARCIA,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Dir.,
CALVIN MILYARD, Warden SCF,
NURSE LORI,
NURSE SUPERVISORY CATHY LOVELL,
JOHN DOE (M.D.), and
JOHN/JANE DOE (P.A.),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 7 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Andrew S. Garcia, is a prisoner in the custody of the Colorado Department of Corrections who currently is confined at the Sterling, Colorado, correctional facility. He filed *pro se* an amended civil rights complaint for money damages pursuant to 42 U.S.C. §§ 1983 (2006) and 1988 (2003) and pursuant to 28 U.S.C. § 1343(a)(3) (1993), alleging that the defendants violated his rights under the United States Constitution. *Pro se* litigants may not recover an award of attorney's fees pursuant to this section. *Turman v. Tuttle*, 711 F.2d 148 (10th Cir. 1983). The policy underlaying § 1988 was not implemented to compensate *pro se* litigants. *Id.*

The Court must construe the amended complaint liberally because Mr. Garcia is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. ***Adickes v. S. H. Kress & Co.***, 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Garcia will be directed to file a second amended complaint.

Mr. Garcia asserts claims arising out of his medical treatment and conditions of confinement. Specifically, he alleges that the defendants have refused to fit him with the proper-sized, colostomy bag. As a result, the colostomy bags with which he has been fitted have leaked, causing him to contract a staff infection, live with waste on his clothes and bedding, be placed in segregation, and lose privileges.

Mr. Garcia must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See **Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Garcia must show that each defendant caused the deprivation of a federal right. *See **Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See **Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as DOC Executive Aristedes W. Zavaras, may not be held liable merely because of his or her supervisory position. *See **Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

2

Mr. Garcia may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Garcia uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The second amended complaint Mr. Garcia will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Garcia "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's

3

action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Garcia file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Garcia, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Garcia submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Garcia fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED December 27, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02218-BNB

Andrew S. Garcia
Prisoner No. 134874
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 12/27/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk