IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02218-LTB-CBS

ANDREW S. GARCIA,
    Plaintiff,
v.

CATHY LOVELL (Nurse Supervisor), and
LORI (DOE) NURSE,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court regarding Mr. Garcia's failure to respond to the court's Third Order to Show Cause (doc. # 39). Pursuant to the February 11, 2008 Order of Reference, this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

By an Order entered November 6, 2007, the court granted Mr. Garcia leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* doc. # 5). Pursuant to § 1915(b)(2), Mr. Garcia is required to make monthly payments of 20 percent of the preceding month's income credited to his prison trust account until the filing fee is paid in full. (*See id.*). Mr. Garcia was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. (*See* doc. # 5). In order to show cause, Mr. Garcia was directed to file a certified copy of his inmate trust account statement. (*See* doc. # 5).

Mr. Garcia was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action. (*See* doc. # 5).

Mr. Garcia failed to make the required payments or show cause why he had no assets and no means by which to make the payments for the months of May, June, and July 2008. On July 31, 2008, the court ordered Mr. Garcia either to make the required monthly payments for May, June, and July 2008 or to show cause why he could not. (*See* doc. # 33). On August 7, 2008, Mr. Garcia responded by requesting an extension of time to respond to the court's Order to Show Cause. (*See* doc. # 34). On August 21, 2008, the court afforded Mr. Garcia additional time and ordered him to, on or before September 19, 2008, make the required monthly payments for May, June, and July 2008 or to show cause for his inability to pay. (*See* doc. # 36).

On September 3, 2008, Mr. Garcia responded to the court's Order by submitting a copy of his inmate trust account statement. (*See* doc. # 37). The inmate trust account statement submitted by Mr. Garcia did not comply with the court's Orders, as it was not a current certified copy of his trust account statement for the entire months preceding May, June, and July 2008. (*See* doc. # 5 at p. 2 of 4, doc. # 33 at p. 2 of 3, doc. # 36 at pp. 1-2 of 2). The inmate trust account statement also reflected income credited to Mr. Garcia's account in the amount of $101.78 between April 4, 2008 and May 18, 2008. (*See* doc. # 37 at p. 7 of 14). The inmate trust account statement further reflected that Mr. Garcia's canteen orders for the same period totaled $59.57. (*See* doc. # 37 at p. 7 of 14). Making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for nonpayment. *See Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003) ("when a prisoner has

sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, "he has demonstrated an implied evaluation of that suit" that the courts should be entitled to honor. *Roller v. Gunn*, 107 F. 3d 227, 233 (4th Cir. 1997). The court noted that Mr. Garcia may not spend deposited funds as soon as they are deposited in order to avoid any obligation to pay filing fees.

Mr. Garcia failed to comply with the court's Orders and failed to show good cause for his non-payment of a partial filing fee for the months of May, June, and July 2008. Based on the income credited to Mr. Garcia's trust account in April and May 2008, the court determined that Mr. Garcia was able to pay $9.22 for the month of May 2008 and $11.13 for the month of June 2008. Therefore, on September 9, 2008, the court ordered Mr. Garcia to make payments, on or before September 25, 2008, of $9.22 for his 20% filing fee payment for the month of May 2008, $11.13 for his 20% filing fee payment for the month of June 2008, $10.00 for the month of July 2008, and $10.00 for the month of August 2008. (*See* Third Order to Show Cause (doc. # 39)). The court warned Mr. Garcia that if he failed to comply with the Order, the court would recommend that the case be dismissed for failure to comply with § 1915 and the court's Orders. (*See* doc. # 39).

As of this date, Mr. Garcia has not responded to the court's September 9, 2008 Third Order to Show Cause. On September 25, 2008, Mr. Garcia's copy of the court's Third Order to Show Cause was returned to the court in the mail as undeliverable, marked "Return to Sender, No Such Number, Unable to Forward." (*See* doc. # 43). On

3

October 2, 2008, the court re-mailed Mr. Garcia's copy of the court's Third Order to Show Cause pursuant to Mr. Garcia's notice of change of address. (*See* docs. # 37, # 45). Mr. Garcia's second copy of the court's Third Order to Show Cause has not been returned in the mail as undeliverable.

Mr. Garcia has not made the payments for the months of May, June, July, and August 2008, as ordered by the court. Nor has Mr. Garcia made the required monthly payments for September and October 2008 or shown cause why he cannot. Further, Mr. Garcia has not responded to Defendants' Motion to Dismiss. On April 15, 2008, the court ordered Mr. Garcia to file his response to Defendants' Motion to Dismiss. (*See* doc. # 28). On April 30, 2008, Mr. Garcia sought an unspecified extension of time and on May 5, 2008, the court granted Mr. Garcia up to June 8, 2008 to file his response to Defendants' Motion to Dismiss. (*See* docs. # 30, # 32). To date, Mr. Garcia has not responded to the Motion to Dismiss.

In order to recommend the sanction of dismissal with prejudice of this civil action for failure to comply with § 1915 and the court's orders, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the *Ehrenhaus* criteria"). The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser

sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds first that although Defendants have not been prejudiced by Mr. Garcia's ongoing failure to follow the court's orders and § 1915 with respect to his obligation to pay the filing fee, the court's repeated review of the file and issuance of orders regarding the filing fee has increased the workload of the court and therefore interfered with the administration of justice. Second, the record does not reveal that anyone other than Mr. Garcia is culpable for his failure to comply with the court's orders and § 1915. Third, the court has repeatedly warned Mr. Garcia of the possibility of dismissal for failure to comply with the court's orders and § 1915. (*See, e.g.*, docs. # 5, # 23, # 33, # 36, # 39). Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has failed to comply with previous court orders and statutory requirements for payment. Four out of five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice for failure to comply with the court's orders and § 1915.

Accordingly, IT IS RECOMMENDED that this civil action be DISMISSED with prejudice for Mr. Garcia's failure to comply with the court's orders and Title 28 U.S.C. § 1915.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may

5

serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate

Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 20th day of October, 2008.

BY THE COURT:

s/ Craig B. Shaffer  
United States Magistrate Judge