IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02218-CMA-CBS

ANDREW S. GARCIA,
	Plaintiff,
v.

CATHY LOVELL (Nurse Supervisor), and
LORI (DOE) NURSE,
	Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Mr. Garcia's failure to, *inter alia*, appear at the Status Conference held on January 13, 2009. Pursuant to the Order of Reference dated February 11, 2008, this civil action was referred to the Magistrate Judge to "[h]ear and determine pretrial matters, . . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

I.	Statement of the Case

By an Order entered November 6, 2007, the court granted Mr. Garcia leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* doc. # 5). Pursuant to § 1915(b)(2), Mr. Garcia was required to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. Mr. Garcia was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. (*See id.*). In order to show cause, Mr. Garcia was directed to file a certified

copy of his inmate trust account statement. (*See id.*). Mr. Garcia was warned that failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action. (*See id.*).

On March 26, 2008, the court issued an Order to Show Cause to Mr. Garcia, directing him to "either make the required monthly payment for January, February, and March 2008, or show cause for his inability to pay" and to "by the 15th day of each month hereafter . . . make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month. . . ." (See doc. # 23) (emphasis omitted). Mr. Garcia responded to the Order to Show Cause by requesting an order to the prison and stating that he would make his payments. (See doc. # 24). On April 8, 2008, the court denied Mr. Garcia's request for an order to the prison and indicated that "Mr. Garcia must make the required monthly payments or show cause each month by filing a certified copy of his inmate trust account statement to show that he has not assets and no means by which to make the monthly filing fee payment." (*See* doc. # 26). The court warned Mr. Garcia that failure to comply with this Order may result in dismissal of this civil action without further notice. (*See id.*).

As of July 31, 2008, Mr. Garcia had made only two payments since the case was filed in October of 2007. (*See* docs. # 8, # 29). The court issued another Order to Show Cause on July 31, 2008, directing Mr. Garcia to "either make the required monthly payments for May, June, and July 2008, or show cause for his inability to pay." (*See* doc. # 33). The court further directed Mr. Garcia "[b]y the 15th day of each month hereafter" to "make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement demonstrating that he is not required

2

pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment." (See doc. # 33). The court warned Mr. Garcia that if he failed to comply with this Order, this civil action may be dismissed without further notice. (*See id.*).

Mr. Garcia responded to the court's second Order to Show Cause by requesting an extension of time. (See doc. # 34). On August 21, 2008, the court granted Mr. Garcia an extension to September 19, 2008 and ordered him to "either make the required monthly payments for May, June, and July 2008 or to show cause for his inability to pay." (*See* doc. # 36). The court again warned Mr. Garcia that if he failed to comply with this Order, this civil action may be dismissed without further notice. (*See id.*).

On September 3, 2008, Mr. Garcia responded to the court's Order by submitting a copy of his inmate trust account statement. (*See* doc. # 37). The court determined that the inmate trust account statement submitted by Mr. Garcia did not comply with the court's Orders, as it was not a current certified copy of his trust account statement for the entire months preceding May, June, and July 2008. (*See* doc. # 5 at p. 2 of 4, doc. # 33 at p. 2 of 3, doc. # 36 at pp. 1-2 of 2). The inmate trust account statement reflected income credited to Mr. Garcia's account in the amount of $101.78 between April 4, 2008 and May 18, 2008. (*See* doc. # 37 at p. 7 of 14). The inmate trust account statement also reflected Mr. Garcia's canteen orders for the same period totaled $59.57. (*See* doc. # 37 at p. 7 of 14). The court noted that "[m]aking purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for nonpayment." (*See* doc. # 39 (citing *Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003) ("when a prisoner has sufficient income to pay a monthly partial filing

3

fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments")). The court concluded that Mr. Garcia had failed to comply with the court's Orders and failed to show good cause for his non-payment of a partial filing fee for the months of May, June, July, and August 2008. Based on the income credited to Mr. Garcia's trust account in April and May 2008, the court determined that Mr. Garcia was able to pay $9.22 for the month of May 2008 and $11.13 for the month of June 2008. On September 9, 2008, the court issued a Third Order to Show Cause, directing Mr. Garcia to, on or before September 25, 2008, "make payments of $9.22 for his 20% filing fee payment for the month of May 2008, $11.13 for his 20% filing fee payment for the month of June 2008, $10.00 for the month of July 2008, and $10.00 for the month of August 2008." (*See* doc. # 39). The court warned Mr. Garcia that failure to comply with this Order would result in a recommendation that the case be dismissed for failure to comply with § 1915 and the court's Orders. (*See id.*).

The Third Order to Show Cause (doc. # 39) was returned to the court in the mail as undeliverable. (*See* doc. # 43). The court re-mailed the Order on October 2, 2008 (*see* doc. # 45) and that copy was not returned in the mail. Because Mr. Garcia did not respond to the court's Third Order to Show Cause, the court issued a Recommendation on October 20, 2008 to dismiss this civil action. (*See* doc. # 46). On November 14, 2008, the court re-mailed the Recommendation to an additional address that Mr. Garcia had used. (*See* doc. # 51, doc. # 39 Notice of Electronic Filing, doc. # 37). As of this date, the Recommendation remains pending.

Several other documents mailed to Mr. Garcia were returned in the mail. (*See*

4

docs. # 44, # 48, # 49, # 50, and # 52). On December 2, 2008, Mr. Garcia notified the court of his change of address. (*See* doc. # 53). On December 9, 2008, the court directed that several filings be re-mailed to Mr. Garcia at his new address. (See docs. # 55, # 57). The re-mailed documents have not been returned to the court in the mail as undeliverable.

Defendants filed a Motion to Dismiss (doc. # 25) on April 8, 2008. The court directed Mr. Garcia to respond to the motion on or before May 8, 2008. (*See* doc. # 28). Mr. Garcia requested and was granted an extension of time to June 8, 2008 to respond to the Motion to Dismiss. (*See* docs. # 32, # 30). To this date, Mr. Garcia has not responded to the Motion to Dismiss and the Motion to Dismiss remains pending.

Also in the Order dated December 9, 2008, the court ordered Mr. Garcia to appear in person for a status conference on Tuesday January 13, 2009 at 9:15 a.m. (*See* doc. # 55). Mr. Garcia's copy of this Order was not returned to the court in the mail as undeliverable. The court warned Mr. Garcia "that failure to appear at the status conference may result in dismissal of this civil action without further notice." (*See* doc. # 55).

II.     Analysis

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show case order, a district judge . . . may enter an order of dismissal with or without prejudice.

5

D.C. COLO. LCivR 41.1.  Mr. Garcia has failed to make the monthly filing fee payments as ordered by the court, failed to respond to the court's Third Order to Show Cause (doc. # 39), failed to appear at the January 13, 2009 Status Conference, failed to respond to the Defendants' Motion to Dismiss as ordered by the court, failed to comply with the Local Rules of Practice for the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and the court's Orders, and failed to prosecute this civil action.  For these reasons, this civil action may properly be dismissed with or without prejudice.

In order to recommend the sanction of dismissal with prejudice of this civil action, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order).  *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the Ehrenhaus criteria").  The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted).  "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds first that Defendants have been prejudiced.  Counsel for Defendants appeared at the January 13, 2009 status

conference for which Mr. Garcia failed to appear.  Defendants' Motion to Dismiss has been pending since April 8, 2008 without a response from Mr. Garcia.  Second, Mr. Garcia's continuing disregard for the court's orders has increased the workload of the court and interfered with the administration of justice.  The court has repeatedly reviewed the file and issued Orders to Show Cause, a Recommendation, and other orders to which Mr. Garcia has not adequately responded.  Third, the record does not reveal that anyone other than Mr. Garcia is culpable for his ongoing failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute.  Fourth, the court has warned Mr. Garcia on at least six occasions that  this civil action may be dismissed for failure to comply with the court's orders and federal rules and statutes. (*See, e.g.*, docs. # 5, # 23, # 33, # 36, # 39, and # 55). Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has repeatedly failed to comply with previous court orders and federal statutes and rules.  All of the five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice for failure to make the monthly filing fee payments as ordered by the court, failure to respond to the court's Third Order to Show Cause (doc. # 39), failure to appear at the January 13, 2009 Status Conference, failure to respond to the Defendants' Motion to Dismiss as ordered by the court, failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and the court's Orders, and failure to prosecute this civil action.  Accordingly,

    IT IS RECOMMENDED that this civil action be DISMISSED WITH PREJUDICE

pursuant to D.C. COLO. LCivR 41.1 for failure to make the monthly filing fee payments as ordered by the court, failure to respond to the court's Third Order to Show Cause (doc. # 39), failure to appear at the January 13, 2009 Status Conference, failure to respond to the Defendants' Motion to Dismiss as ordered by the court, failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and the court's orders, and failure to prosecute this civil action.

DATED at Denver, Colorado this 14th day of January, 2009.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge